U.S. COURT OF APEALS, THIRD DISTICT
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

        Re: Youkelsone v. Washington Mutual
           Docket No.: 17-2360

APPELLANT'S MEMORANDUM IN SUPPORT TO HER TO APPEAL AND IN RESPONSE TO COURT'S SUE SPONTE MOTION FOR SUMMARY AFFIRMANCE

  The Appellant submits this memorandum in response to this Honorable Court's Order dated August 18, 2017 wherein it states that the appeal will be submitted for determination under 28 U.S.C. § 1915 (e)(2) as to whether the appeal will be dismissed as legally frivolous or whether summary affirmance under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 is appropriate.

  The Appellant proceeded for leave to appeal in forma pauperis because she has no financial means. The appellant recently suffered a stroke and brain aneurysm which has substantially affected her health also limiting her ability to secure meaningful employment.

### Section 1915 of Title 28

  Section 1915 of Title 28 requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

  Briefly stated issue raised in this appeal is whether the District Court dismissed amended complaint against Washington Mutual Inc finding that WMI is not directly liable for Washington Mutual Bank in clear error and whether the District Court dismissed the Appellant's common law claims against WMI as a servicer for wrongful acts related to WMI servicing because these claims required ownership of the mortgage was in clear error.

  The appellant respectfully states that this appeal is not frivolous, raises substantial question of error and after full review result will be contrary to the District Court's finding

wherein it dismissed the amended complaint stating that WMI is not directly liable for its Bank and that wherein it states that WMI as a servicer is not liable for wrongful act alleged in the amended complaint. Other Court's intervening Decision as well as the WMI SEC filing and Tax sharing agreement - materials judicially accepted by the District Court - directly resolves the appeal in the Appellant's favor showing that WMI is directly liable for its bank and WMI as a servicer liable for the acts alleged in the amended complaint. *Cassese v.* ***Washington Mutual, Inc.***, No. 05-cv-2724, 2010 WL 405126 (E.D.N.Y. Oct. 18, 2010), the court found that WMI is directly and indirectly liable for its Bank. The *Cassesse* Ruling is substantial ground concerning the controlling question of law namely WMI's direct liability which should not have disregarded by the lower court. Ruling in *Trevino v. Mercorp.*, 583 F. Supp 2d 521 (2002) also supports finding that WMI is directly liable for WMB. The lower Court's reliance on *Fellows v. CitiMortage, Inc.* No 07-Civ. 2261 (DLC), 2010 WL 1857243 at 15 (S.D.N.Y. May 11, 2010) in dismissing the action against WMI as a servicer is in clear error because *Fellows* law is not controlling, nor it is binding or persuasive. The instant action is distinguishable from Fellows case alleging willful and unconscionable conduct where the defendant WMI went beyond the traditional scope of Mortgage Servicer, wrongful acts alleged were greatly egregious and completely devoid of good faith. Under New York law mortgage servicer can be held liable to the mortgagor. *Indy Mac Bank FSB v. Yano-Horosko*, 890 NYS2d 313 (N.Y.Supr Ct, 2009, rev'd on different grounds 78 A.D.3d 895 NY App. Div 2010)

This is first appeal to this Court. The Appellant filed the action against WMI in the Delaware Bankruptcy Court on January 21, 2009. The Bankruptcy Court dismissed the action on August 13, 2010. The Appellant filed Notice of Appeal on August 27, 2010. The District Court issued its decision dismissing the Amended Complaint on May 23, 2017 without prejudice. The

*District* Court took about seven years to examine the record and briefs, to conduct thorough examination of factual matters and applicable law because the action raised substantial issues. On June 21, 2017 the appellant proceeded with this instant appeal because after thorough research the Appellant is utterly convinced that the appeal is warranted for reversal, the appeal has factual merits, the appeal raises substantial issues, presents genuine question and legitimate claims of error by the District Court which ought to be considered on this appeal.

**Summary affirmance under L.A.R. 27.4 and I.O.P. 10.6**

Even though the Appellant is convinced that the Honorable Court can fairly decide the appeal on the of the record and district court's order, nevertheless Appellant respectfully states that the Court should not deviate from its ordinary procedures for allowing full merits briefing and oral arguments. The appellant respectfully states that Summary disposition of the underlying action is not appropriate here where the record inadequate and does not contain the documents including WMI SEC filing, WMI tax sharing agreement with WM Bank, Servicing Agreement between FNMA and WMI the Lower Court expressly relied on its decision dismissing the amended complaint. (see, also *Coppedge v. United States* 369 U.S. 438, 446 (1962)

Third Circuit L.A.R. 27.4 authorizes parties on appeal to move for summary disposition of that appeal. The rule is silent about the Court's sue sponte motions for summary affirmance. I.O.P. 10.6 authorizes the Court The court, *sua sponte* or upon motion by a party, may take summary action affirming, reversing, vacating, modifying, setting aside, or remanding the judgment, decree, or order appealed from. However it further states that "… if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action"."

The courts have found that summary disposition is appropriate in an emergency when time is of the essence and the Court cannot wait for full briefing and must decide a matter on motion papers alone. (see, *Taxpayers Watchdog In v. Stanley* 819 F.2d 294 D.C. Cir. 1989). Here is no showing that the time is of the essence, nor any exigent circumstances exist for summary disposition. In fact it will be only Appellant who would be prejudiced by further delaying the appeal. Other instance where the summary disposition was appropriate was if the Court concludes that no benefit will be gained from further briefing and argument of the issues presented. In the later instance the Court must view the record and the inference must be drawn therefrom in the light most favorable to the Appellant. Here WMI's SEC filing judicially noticed by the lower court clearly shows that WMI derived most of its income from mortgage servicing. Therefore, direct liability claim is viable claim and should not have been dismissed.

There are some other limited circumstances where the summary disposition may be invoked and this is "only it is manifest that the question on which the decision on the cause depends are so unsubstantial as not to need further argument." *U.S. v. Hoston* 693 F.2d 857 (9th Cir. 1952). However the Court had cautioned that such affirmances should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from the face of appeal brief". Controlled precedent here supports merits of the Appellant's appeal thus summary affirmance should no apply. *Cascade Broadcasting Group, Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987).the Court refused to summarily dispose the appeal stating that the merits of the parties' positions are not so clear as to warrant summary action.

The instant appeal raises the issues so significant that the Federal Government and Government virtually in every state responded in heightened regulatory attention to fair servicing

by enacting Mortgage Servicing rules and regulations. The Courts almost in every jurisdiction taken headline stances against lenders and mortgage servicers for bad faith, unfair and deceptive practices.

The underlying appeal is not subject to summary affirmance because no exigent circumstances present, the record is devoid of any material evidence upon which the lower court based its decision, the appeal raises substantial question of clear error. On the other hand if anyone should have sought summary disposition it should have been the Appellant because the issue raised hereto is whether the WaMu is liable for the wrongful acts committed by WMB was already answered by the *Cassese* Court wherein the answer was affirmative – Wamu as a servicer is directly liable for WMB.

Further, there was no basis for dismissing NY PRAL claim which expressly provides the cause of action against the Bank as a servicer.

Upon foregoing, the Appellant respectfully states that she has a good faith appeal presenting substantial issues which should not be summarily disposed and respectfully asks the Court to allow the Appellant to receive the benefits of presenting either oral argument or full briefs on the merits to this Honorable Court.

Dated: September 5, 2017

Respectfully submitted

*[signature]*
Nadia Youkelsone